IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-711-1 |
| | : | |
| v. | : | |
| | : | |
| CESAR FELIPE | : | |

**MEMORANDUM AND ORDER**

Pratter, J.                                                                                                                              October 15, 2008

**INTRODUCTION**

Cesar Felipe, on his own behalf, has filed a "Motion to vacate, correct, or amend the respondent's sentence under rule 60(b)(6) of the federal rules of civil procedure." (Doc. No. 95) It is not entirely clear what Mr. Felipe precisely seeks with his motion, but throughout his filing, Mr. Felipe goes to some length to delineate what he is not challenging. In particular, he "does not assert that his guilty plea was unknowing or involuntary and by no means is he attempting to contest or withdraw his plea of guilty." (Motion at 2) Mr. Felipe does claim, however, that his appellate waiver in the plea agreement "does not bar him from persuing [sic] his claims in the instant rule 60(b)(6) motion." Id.

Even though he does not ask to withdraw his plea, Mr. Felipe contends that he was not informed during his plea colloquy what his sentence was going to be. He then seems to claim that the sentence that the Court imposed was in error because it was "beyond the permissible sentence based upon the grounds of reasonableness as mandated by 18 U.S.C. § 3553." (Motion at 3) Mr. Felipe cites United States v. Booker, 125 S.Ct. 738 (2005), and Rita v. United States, 127 S.Ct. 2456 (2007). He also cites Kimbrough v. United States, 128 S.Ct. 558 (2007) and Gall

v. United States, 128 S.Ct. 586 (2007). In essence, it appears that Mr. Felipe contends that the Court should have reached a different, presumably more tepid and gentle, conclusion concerning his sentence by applying, as Mr. Felipe thought they should be applied, the principles espoused in the referenced Supreme Court cases that were decided after his sentence was imposed.

Mr. Felipe's motion presents a host of procedural issues - - issues of which he as a pro se movant likely is unaware - - as well as the ultimate sentencing issue he would have the Court address. The Government has appropriately outlined all of the issues raised by Mr. Felipe's motion and has correctly argued that on both procedural and substantive grounds his motion should be denied.

**DISCUSSION**

Mr. Felipe bases his motion on Rule 60(b) of the *civil* procedural rules. This Rule, by its terms and by basic logic, provides for the amendment of civil judgments, not criminal sentences.[1] To try to secure a change of his sentence, Mr. Felipe would have to travel some other avenue: a direct appeal if that option was not waived; by way of 18 U.S.C. § 3582(c)(2) in the event of a retroactive Sentencing Commission Guideline amendment; via Rule 35 of the Federal Rules of Criminal Procedure if there have been clerical or technical errors; and, of course, 28 U.S.C. § 2255 which allows for re-sentencing to correct errors of constitutional significance or that are tantamount to a miscarriage of justice. None of these routes is available to Mr. Felipe.

---

[1]The Government correctly points out that even if F.R.C.P. Rule 60(b) was technically available to Mr. Felipe in this context, his motion was filed 14 months after he was sentenced and more than 3/4 of a year after the Supreme Court issued the Gall and Kimbrough opinions upon which Mr. Felipe rests his arguments. Thus, his motion cannot and should not be considered as timely under F.R.C.P. 60(c)(1). Indeed, the Court agrees that, even allowing for Mr. Felipe's pro se status, these delays are too substantial to overlook.

Initially, the Court is obliged to consider the efficacy of Mr. Felipe's appellate waiver as contained in his guilty plea agreement and/or as delineated during his plea hearing.

As indicated above, Mr. Felipe does not challenge his guilty plea as unknowingly entered or otherwise involuntary.  He does not argue that he should be permitted to withdraw his guilty plea.  The record is clear that Mr. Felipe was indeed told - - several times - - how severe his sentence could be and the Guilty Plea Agreement itself at paragraph 6 likewise so warns Mr. Felipe.  Furthermore, the Court concludes that under the circumstances of this case, enforcement of Mr. Felipe's waiver of appellate rights conjures up no concern of a miscarriage of justice. United States v. Gwinnett, 483 F.3d 200 (3d Cir. 2007).  In the face of a decidedly unenthusiastic 5K1.1 motion, the Court nonetheless gave Mr. Felipe a very significant benefit of the doubt to impose incarceration of 150 months, substantially below the guideline range of 262 to 327 months.  The Court is aware of no reason to hesitate in concluding that Mr. Felipe has suffered no miscarriage of justice.  Therefore, the Court concludes that Mr. Felipe's unequivocal appellate waiver in and during his guilty plea agreement and hearing of January 9, 2007 was effective and that he was aware of the risks as to his possible sentence.  (N.T. 9-12; 18)

Nonetheless, Mr. Felipe hopes to garner some benefit from Kimbrough and Gall.  These cases were decided after Mr. Felipe's conviction and sentencing became final on July 21, 2007.  Even if these cases had heralded some new procedural rule, such rule would not be applied retroactively to Mr. Felipe because, as further explicitions of United States v. Booker, 125 S.Ct. 738 (2005), (which has consistently been held not to have retroactive effect), Kimbrough and Gall must be interpreted to the same non-retroactive effect.  Therefore, there is no retroactive application of either of these cases here for Mr. Felipe to call upon.

3

Understandably, Mr. Felipe has a strong interest in knowing that the sentence imposed upon him complies with all applicable requirements and gives him the benefit of appropriate advantages.  With respect to fashioning the sentence Mr. Felipe himself had earned that would also pass muster as fair and reasonable, the Court calculated the Guideline Range of Sentence and then made an "individualized assessment" of what sentence would be appropriate under all the circumstances.  The Court expressly considered each Section 3553(a) factor separately and, ultimately, used its discretion to impose a period of incarceration that amounted to approximately one-half of the incarceration period that would have been at the mid-point of the Guideline sentence.  No factual or legal basis has been brought to the Court's attention to prompt the Court to see the sentence imposed here as unfair or unreasonable.

**CONCLUSION**

For the foregoing reasons, Mr. Felipe's Motion will be denied as set forth in the accompanying Order.

BY THE COURT:

/s/  Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-711-1** |
| | : | |
| v. | : | |
| | : | |
| **CESAR FELIPE** | : | |

**O R D E R**

AND NOW, this 15th day of October, 2008, upon consideration of Cesar Felipe's pro se Motion to Vacate, Correct, or Amend Sentence (Doc. No. 95), and the Government's Response, for the reasons outlined in the accompanying Memorandum of even date, the Motion is **DENIED**.

BY THE COURT:

/s/ Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*