# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL ACTION |
| CESAR FELIPE : | NO. 05-711-1 |

### MEMORANDUM

PRATTER, J.                                                                                                      FEBRUARY 5, 2010

Cesar Felipe pled guilty on January 9, 2007 to a single count of conspiracy to distribute heroin in violation of 21 U.S.C. §846. His guilty plea followed his indictment for 12 counts of violations of federal drug distribution and related laws and was the product of a negotiated plea agreement. The guilty plea was accepted by the Court following an extensive colloquy during which the Court determined that Mr. Felipe's plea was knowing, voluntary and intelligently made, with a full appreciation by him of the significance of a guilty plea and the full panoply of possible punishment, including his exposure to a mandatory minimum sentence of ten years imprisonment. During the guilty plea hearing the Court also reiterated Mr. Felipe's waiver of all but narrowly tailored appellate rights. During his guilty plea hearing Mr. Felipe enjoyed the professional services of a qualified interpreter.

Mr. Felipe was sentenced on July 11, 2007. He was again accompanied by a court-approved interpreter. The Government filed a motion pursuant to U.S.S.G. §5K1.1 and, as characterized by the Government, made a "tepid" recommendation for sentencing relief from the Guidelines recommended 237-262 months imprisonment range. The Government did not file a motion pursuant to 18 U.S.C. §3553(e), so no relief from the mandatory minimum sentence was available. The Court imposed a 150-month sentence, to be followed by eight years of supervision, along with a $1,000 fine and $100 special assessment. As had been explained to Mr. Felipe at his guilty plea hearing, Mr. Felipe was reminded of the probability that he will be deported due to his non-citizen status. Although Mr. Felipe was informed of his remaining appellate rights, he did not appeal from his sentence.

Fourteen months after his sentencing hearing, Mr. Felipe filed a Rule 60 (B)(6) Motion to Vacate, Correct or Amend Sentence. This Motion was denied on October 15, 2008. Mr. Felipe filed a second motion to modify his sentence on May 7, 2009 which was also denied.

Mr. Felipe filed this latest Motion for Sentencing Adjustment on January 12, 2010. He argues that because he is a deportable alien he cannot be designated to a minimum security facility, with the result being that he suffers a harsher punishment than he otherwise would. The Government opposed each of Mr. Felipe's motions.

Mr. Felipe's Motion will be denied on the strength of any of three equally efficacious grounds.

First, Mr. Felipe makes no effort whatsoever to explain how this motion is not entirely foreclosed by his appellate waiver that was part of his guilty plea. And, indeed, this Motion, like

2

his initial Rule 60 (b) motion, is defeated at its inception by Mr. Felipe's waiver of his appellate rights in his guilty plea agreement and at his guilty plea hearing.

Second, even if Mr. Felipe had not waived the opportunity to make these arguments, this latest Motion by Mr. Felipe runs afoul of the preclusion in the Anti-Terrorism and Effective Death Penalty Act of 1996 for second or successive petitions as well as the less stringent earlier abuse of the writ doctrine. United States v. Roberson, 194 F. 3d 408, 410 (3rd Cir. 1999). Specifically, the Government correctly demonstrates that Mr. Felipe could not succeed under the abuse of the writ doctrine. Mr. Felipe has not - - indeed, cannot - - explain why he did not make his present argument in his earlier pleading(s), given that it is patently clear that the same information as he uses for the latest motion was fully available to him when he filed an earlier petition. See McClesky v. Zant, 499 U.S. 467 (1991). Likewise, Mr. Felipe has not - - and cannot - - show any prejudice if not allowed to proceed with this Motion because it fundamentally lacks merit. And, because Mr. Felipe raises no argument based upon a claim of actual innocence, his Motion does not contain an argument against a fundamental miscarriage of justice.

Turning to the permitted application of AEDPA, Mr. Felipe's Motion is similarly precluded. Mr. Felipe has not secured the authorization of the Court of Appeals to pursue this successive motion as required by 28 U.S.C. §2244 (b)(3)(B),(C). He has not filed his motion within the one-year period of limitation that applies by virtue of 28 U.S.C. §2255 to motions such as Mr. Felipe's whose Motion (even if not a precluded successive motion) was filed some

18 months too late.[1]

Recognizing that Mr. Felipe, as a pro se movant, may not fully appreciate the significance of the procedural and rule-based impediments to his effort, and may think those obstacles are frustrating an otherwise meritorious position, the Court will discuss briefly the substantive argument Mr. Felipe has raised.

Mr. Felipe is not the first deportable alien to argue that his status subjects him to designation in other than minimum security facilities, to his detriment, so that he should receive a compensating downward departure in his sentence. Such arguments have no merit, where, as here, a movant offers absolutely no proof or rational argument that deportable status has had a direct, non-speculative, adverse impart on the movant's incarceration or has otherwise visited some unusual or exceptional hardship in conditions of confinement. See United States v. Restrepo, 999 F. 2d 640, 645 (2nd Cir. 1993); United States v. Debeir, 186 F. 3d 561, 569-70 (4th Cir. 1999); United States v. Farouil, 124 F. 3d 838, 845-847 (7th Cir. 1997); United States v. Smith, 27 F. 3d 649, 655 (D.C. Cir. 1994). Mr. Felipe has offered no basis for the Court to undermine, diminish or question the discretion that Congress has expressly visited upon the Bureau of Prisons (or the results of the BOP's exercise of that discretion) to designate a prisoner to a given facility after balancing a host of competing and complicating considerations, one of which (among many) may be a prisoner's status as a deportable at the conclusion of confinement. United States v. Veloza, 83 F. 3d 380, 382 (11th Cir. 1996); United States v. Mendoza-Lopez, 7 F. 3d 1483, 1487 (10th Cir. 1993), cert. denied, 511 U.S. 1036 (1994). Thus, Mr. Felipe's

---

[1] The Motion is also untimely and unavailable under 18 U.S.C. §3582(c) and F.R.Cr.P. 35.

arguments, even if not procedurally defeated are of no substantive moment.

For all of the foregoing reasons, Mr. Felipe's Motion will be dismissed.

BY THE COURT


  /s/ Gene E.K. Pratter
Gene E. K. Pratter
*United States District Judge*