IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | |
| of AMERICA | : | CRIMINAL |
| | : | No. 05-711-1 |
| *v.* | : | |
| | : | |
| CESAR FELIPE | : | |

MEMORANDUM

PRATTER, J.                                                                                           DECEMBER 2, 2010

INTRODUCTION

Cesar Felipe was charged in a 12-count superseding indictment with conspiracy to distribute heroin and distribution of heroin, in violation of Title 21 U.S.C. §§ 846 and 841(a)(1).[1] Mr. Felipe pled guilty to Count One of the superceding indictment on January 9, 2007. At Mr. Felipe's sentencing, for purposes of considering the arguably applicable sentencing guidelines, the Court determined that his total offense level was 34, which yielded a Guideline range of 262 to 237 months of imprisonment. However, in light of the fact that Mr. Felipe had cooperated with investigators, the Court granted a "tepid" Government motion for downward departure, and imposed a prison sentence of 150 months – many years below the bottom of the Guideline range.

On September 15, 2008, Mr. Felipe – proceeding *pro se* – filed a motion seeking resentencing pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, on the stated ground that in pleading guilty, he "had no knowledge that he was waiving a right to challenge an improper and unconstitutional sentence." The Court denied this motion on October 15, 2008.

Mr. Felipe filed another motion on September 7, 2009, seeking to have the Court modify

---

[1] These charges arose from Mr. Felipe's participation in a scheme over the course of 11 occasions in 2005 to sell heroin to an individual who turned out to be an undercover police officer. Approximately 312 grams of heroin was sold during this conspiracy.

his sentence on the ground that he cannot be designated to a minimum security facility because he is a deportable alien; and that, as a result, his sentence is harsher than it might be if he were a citizen of the United States. The Court denied this motion on February 8, 2010.

Mr. Felipe has recently filed a second motion for modification of his sentence, this time on the stated grounds that (1) he is not eligible to benefit from the Early Disposition Programs (Policy Statement), set forth in U.S.S.G. § 5K3.1; (2) he will not be allowed to benefit from the "Second Chance Act of 2007"; (3) he will be denied access to a drug treatment program; and (4) he will be incarcerated beyond his sentence while he awaits deportation. For the reasons set forth below, Mr. Felipe's second motion for modification will be denied.

**DISCUSSION**

Mr. Felipe's motion for modification is fatally flawed in several respects. First, as the Court previously explained in denying Mr. Felipe's first two post-sentencing motions, Mr. Felipe is not entitled to collaterally attack his sentence. He knowingly and voluntarily foreclosed his ability to challenge the terms of his sentence when he waived his appellate rights in conjunction with his guilty plea.

Second, Mr. Felipe's motion seeks modification pursuant to U.S.C. § 3742 and Rule 35 of the Federal Rules of Criminal Procedure, neither of which is pertinent. Section 3742(a) sets forth the particular circumstances under which a defendant may directly appeal his sentence. It does not empower a district court to reconsider a defendant's sentence years after he has waived his right to appeal. Indeed, even if § 3742 applied to these procedural circumstances, the Court has no reason to believe that any of the conditions set forth in that statute are present here.[2]

---

[2] Section 3742(a) provides that a defendant may appeal if his sentence (1) was imposed in violation of law; (2) was imposed as a result of incorrect application of the sentencing

The three sections of Rule 35 are likewise inapposite. Rule 35(a) provides that a district court can correct a sentence that has been determined on appeal to have fallen into one of the four categories listed in § 3742(a). Mr. Felipe's case is not on remand, and he has not alleged that his sentence was flawed in any of the ways contemplated by § 3742(a). Rule 35(b) allows the Court to reduce a defendant's sentence in light of his "substantial assistance" – but only upon motion of the Government, which has filed no Rule 35(b) motion in this case. Rule 35(c) enables the Court to correct a sentence for "clear error" within seven days after the imposition of sentence. Years have elapsed since Mr. Felipe was sentenced, and he does not allege that any error was made.

Finally, none of the four grounds upon which Mr. Felipe has moved for modification provides any other basis upon which the Court might be empowered to alter his sentence. None represents any circumstance or condition that would work a manifest injustice upon him; and none represents a circumstance that undermines the Court's expectations in connection with determining Mr. Felipe's sentence in the first instance. Not only do some of Mr. Felipe's specific complaints appear to be speculative – *e.g.*, his suggestion that he may serve some additional unspecified term of incarceration while awaiting deportation – but they do not fall within the category of sentencing "mistakes" that this Court has the power to correct.

Accordingly, the Court denies Mr. Felipe's motion.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline, and is plainly unreasonable. U.S.C. § 3742(a). Mr. Felipe does not propose that any of these conditions has been met here, and the Court does not perceive the application of any of them in any event.